UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| SANDRA K WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-00260-HSM-MCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| FINANCIAL ACCOUNTS SERVICE TEAM, INC, | ) ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to 28 U.S.C. § 636 and Order of Reference by the District Court [Doc. 14] for a Report and Recommendation with respect to the Motion for Attorney's Fees against Defendant Financial Accounts Service Team, Inc. [Doc. 12].

On August 3, 2016, Plaintiff sued Defendant Financial Accounts Service Team, Inc., alleging a number of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Plaintiff requested actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) [Doc. 1, *Complaint*]. On September 27, 2016, Plaintiff returned the Summons, indicating that she had properly served Defendant on September 6, 2016.

On October 4, 2016, with no response filed by Defendant, Plaintiff applied for entry of default based on Defendant's "failure to plead or otherwise defend in a timely manner, as provided

by Rule 55(a) of the Federal Rules of Civil Procedure."[1] [Doc. 6, *Plaintiff's Application for Entry of Default,* pg 1]. On October 26, the Clerk entered default against Defendant pursuant to Rule 55(a). [Doc. 7]. On November 2, 2016, Plaintiff filed a Motion for Default Judgment, asking for entry of a judgment in the amount of $1,000.00 statutory damages, together with costs and attorney's fees [Doc. 8]. On November 30, 2016, the Clerk entered a Default Judgment against Defendant, pursuant to Fed.R.Civ.P. 55(b) based on Plaintiff's request, finding that Plaintiff was entitled to recover from Defendant "the sum of $1,000.00, plus interest from the date of judgment, together with costs and fees upon application therefore." [Doc. 9, *Default Judgment,* pg. 1].

On December 15, 2016, Plaintiff's attorney filed a Motion for Attorney's Fees [Doc. 12]. The FDCPA permits the award of "a reasonable attorney's fee" and costs to a prevailing party. *See* 15 U.S.C. § 1692k(a)(3); *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 447 (6th Cir. 2009). A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir.2004). Determining a reasonable fee begins with calculating the product of "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Plaintiff's counsel requests that the Court award a total attorney's fee of $3,380.00 based on an hourly rate of $325.00 and 10.4 hours of legal time expended on this matter. [Doc. 13-1]. In support of his request, he has filed his own personal declaration, outlining his years of experience "in representing consumers in financial matters against banks, mortgage companies, finance companies, and debt collectors." He also attached an affidavit of another attorney Mr. Brent

---

[1] Fed.R.Civ.Pro. 55(a) provides that "When a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Snyder, who also claimed that the rate of $325.00 per hour was reasonable in light of the subject matter involved and the experience of the Plaintiff's attorney [Doc. 13-3]. He also reviewed the submitted hours of Plaintiff's counsel and believed the hours were reasonable for the work and services performed.

In 2009, the Sixth Circuit approved a $300.00 hourly rate for a FDCPA case over the objection of the servicer. *Dowling v. Litton Loan Servicing LP,* 320 F. App'x 442, 447 (6th Cir. 2009). Here, no objection has been filed. Based upon the verified complaint, Plaintiff's counsel's declaration, the declaration of Attorney Brent Snyder, and the itemization of the services performed, the undersigned finds that the requested attorney's fees of $3,380.00 to be reasonable under the circumstances. Accordingly, the undersigned recommends the District Court approve Plaintiff's Motion for Attorney Fees [Doc. 12] in the amount of $3,380.00.[1]

Respectfully Submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).